```
                                                          FILED
                                                       2011 JUN 16 PM 1:56
                                                    CLERK US DISTRICT COURT
                                                  SOUTHERN DISTRICT OF CALIFORNIA

                                                  BY ___alf___ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO MOUNTAIN PROPERTIES, INC., a Delaware Corporation,<br><br>                       Plaintiff,<br>   vs.<br><br>RAY GRAY, an individual; LINDA GRAY, an individual,<br><br>                       Defendants. | CASE NO. 11-CV-0358 BEN BLM<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>[Relates to Docket No. 4] |

Plaintiff filed a Complaint for breach of guaranty. Defendants move to dismiss the Complaint on grounds of improper venue and failure to state a claim under Federal Rules of Civil Procedure 12(b)(3) and (6), respectively. (Docket No. 4.) For the reasons stated herein, the Motion is **DENIED**.

## I. BACKGROUND

This action arises from a guaranty executed by Defendants to secure the purchase of real property located in Pacienes, California by Pfau, Pfau, Pfau, LLC ("Pfau").

On August 28, 2006, Pfau entered into a loan with CMR Mortgage Fund II, LLC ("CMR II") for the purpose of acquiring land and developing residential lots. (Compl., ¶¶ 7, 8.) The loan was secured by liens on certain real property located in San Diego, Fresno, and San Benito Counties. (*Id.*, ¶ 11.) CMR II loaned $19,500,000 in principal to Pfau. (*Id.*, ¶ 9.) Defendants

made, executed, and delivered a General Guaranty and Indemnity Agreement ("Guaranty") pursuant to which Defendants guaranteed "the punctual payment when due, whether at stated maturity, by acceleration or otherwise, of all [Pfau's] indebtedness, obligations, and liabilities to the Lender." (*Id.,* Ex. C.)

Pfau's and Defendants' obligations under the loan and related guaranty were assigned by CMR II to ING USA Annuity and Life Insurance Company, which assigned the obligations to Lion II Custom Investments, LLC, which then assigned the obligations to Plaintiff. (*Id.,* ¶ 14.) Starting July 1, 2008, Pfau failed to make timely interest payments, thereby constituting a default under the loan. (*Id.,* ¶ 15.)

On February 18, 2011, Plaintiff initiated this action to recover amounts due under the guaranty, as a result of Pfau's default. After foreclosing on certain secured property, Plaintiff claims that $10,941,369.47 is still due from Pfau and, thus, Defendants. (*Id.,* ¶ 19.)

## II. DISCUSSION

### A. IMPROPER VENUE

A defendant may raise the defense of improper venue by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979).

Title 28 U.S.C. § 1391(a) governs venue in an action based on diversity jurisdiction. As an initial matter, the Court considers whether diversity jurisdiction exists in this case, as Plaintiff contends. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 967 (9th Cir. 2004). Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The instant case meets this requirement because the amount in controversy is $10,941,369.47. (Compl., ¶ 18.); *St. Paul Mercury Indem.Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). If the amount-in-controversy is met, the diversity statute provides for jurisdiction in this court over actions between "(1) citizens of different States; (2) citizens of a State and citizens subjects of a foreign state; (3) citizens of different states in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff, and citizens of a State or of

different States." § 1332(a).

For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Id.* at 749-50. Here, the Court finds, and Defendants do not dispute, that they are citizens of California for diversity purposes. (*See* Compl., ¶¶ 2, 3.) As to Plaintiff, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the Court finds the Plaintiff is a citizen of Delaware and Georgia because it was incorporated in Delaware and its principal place of business is in Georgia. (Compl., ¶ 5.) Accordingly, the Court finds it has diversity jurisdiction, and thus, venue in this action is governed by § 1391(a).

Section 1391(a) provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants live in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendants Ray Gray and Linda Gray live in Fallbrook, California as evidenced by their address on all court documents and the Guaranty. Fallbrook is in the Southern District of California. Accordingly, the Court finds venue is proper in the Southern District of California.

Defendants nonetheless argue venue is improper because the Guaranty was executed in San Benito County (Mot., ¶ 1), which is located in the Eastern District of California. It is immaterial, however, that the Guaranty was made and executed in San Benito County because, even if true, Plaintiff had two options for venue under § 1391(a)(1) and (a)(2). It is not required that the chosen venue be the best venue, only a qualifying venue. *Silver Valley Partners, LLC v. De Motte*, 400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005) (citations omitted). Pursuant to § 1391(a)(1), the Southern District of California constitutes a qualifying venue.

Proper venue is based on the most "convenient" or "fair" forum, as established by various statutory criteria such as the defendant's residence or where the cause of action arose. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68 (1939); *see also Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1313-14 (9th Cir. 1985). The general rule is that a plaintiff's forum choice is afforded substantial weight. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006) (asserting "the plaintiff's choice of forum is entitled to deference"). The defendant must prove a strong showing of inconvenience to warrant upsetting a plaintiff's forum choice. *Decker Coal Co.*, 805 F.2d at 843. The Court finds Defendants have failed to provide any facts or reasons to show the Southern District of California is an inconvenient or unfair forum.

Defendants further argue that Plaintiff submitted to the jurisdiction of the San Benito Superior Court when Plaintiff filed an unlawful detainer action against Defendants in February 2011. (Mot., ¶ 2.) Under California law, "[t]he proper location for trial of [an unlawful detainer] proceeding ... is the location where the court tries that type of proceeding that is the nearest and most accessible to where the real property that is the subject of the action, or some part thereof, is situated." Cal. Civ. Proc. Code § 392(b). The Court finds Defendants' argument unpersuasive because under this section, Plaintiff was required to file its claim in the San Benito Superior Court, as the real property subject to the claim was located there. (Mot., Ex. B.) Additionally, an unlawful detainer proceeding is a limited proceeding that cannot be used for any other purpose, including to adjudicate a breach of contract claim. *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal. App. 3d 1032, 1070-71 (1987). Accordingly, Plaintiff's initiation of an unlawful detainer proceeding in San Benito Superior Court did not waive Plaintiff's right to bring this action in this Court.

Defendants next claim that the Guaranty was cancelled by the United States Bankruptcy Court for the Northern District of California pursuant to a court order in Case Nos. 08-3220, 09-30788, and 09-30802. (Mot., ¶ 3.) The Court rejects this claim because, as Plaintiff points out, the court order specifically states that the reconveyance of the liens was made "according to the terms of the Memorandum of Understanding." (Opp., p. 9; Mot., Ex. C, p. 2.) Loans 06-057 and 06-058

are the only loans cited in the Memorandum of Understanding. (RJN, Ex. E, Recital A, p. 55.) Here, however, the Guaranty is listed as Loan 06-056. (Compl., Ex. C, p. 45.) Therefore, the Guaranty has not been cancelled by court order.

Defendants lastly argue that the transactions upon which this lawsuit is based are also being litigated in the United States Bankruptcy Court for the Southern District of California, Case No. 08-12840 PB11 under Adversary Proceeding No. 11-90064. (Mot., ¶ 4.) The Court rejects this argument because Defendants are not named in that action. On April 13, 2011, the Honorable Peter Bowie of the United States Bankruptcy Court for the Southern District of California also dismissed without prejudice the Adversary Proceeding. (Bankr. S.D. Cal. Adv. Proc. 11-90064). Accordingly, Defendants' request to dismiss this action on the grounds of improper venue is denied.

## B. FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. A complaint should be dismissed if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). This plausibility standard means the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the plaintiff. *See id.*

Defendants fail to cite any case law or other legal authority supporting their argument that a 12(b)(6) dismissal is appropriate in this case, nor could the Court find any. Accordingly, Defendants' request to dismiss the action under Rule 12(b)(6) is denied.

///
///
///
///

## III. CONCLUSION

For the foregoing reasons, the Court finds that this action is properly venued in the Southern District of California, and dismissal for failure to state a claim is not warranted. Accordingly, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2011

Hon. Roger T. Benitez
United States District Court Judge