

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO MOUNTAIN PROPERTIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAY GRAY and LINDA GRAY, <br><br> Defendants. | CASE NO. 11-CV-00358 BEN (BLM) <br><br> **ORDER DENYING MOTION TO VACATE DEFAULT AGAINST DEFENDANT LINDA GRAY** <br><br> [Docket No. 17] |

Presently before the Court is Defendant Linda Gray's Motion to Vacate Default Against Defendant Linda Gray. (Docket No. 17.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

This action arises from a guaranty executed by Defendants Ray Gray and Linda Gray[1] (husband and wife) to secure the purchase of real property located in Paciences, California, by Pfau, Pfau & Pfau, LLC ("Pfau"). On August 28, 2006, Pfau entered into a loan with CMR Mortgage Fund II, LLC ("CMR II") for the purpose of acquiring land and developing residential lots. (Compl. ¶¶ 7, 8.) The loan was secured by liens on real property located in San Diego, Fresno, and San Benito Counties. (*Id.* ¶ 11.) CMR II loaned $19,500,000 in principal to Pfau. (*Id.* ¶ 9.) Defendants made, executed, and delivered a General Guaranty and Indemnity Agreement ("Guaranty") pursuant to which Defendants guaranteed "the punctual payment when due, whether at stated maturity, by acceleration or otherwise,

---

[1] Although Defendants claim to be proceeding *pro se*, Attorney James N. Maynard is listed as the attorney to be noticed on the docket.

of all of [Pfau's] indebtedness, obligations and liabilities to the Lender." (Pl. Opp., Exh. A [Guaranty], at 12.)

Pfau's and Defendants' obligations under the loan and related Guaranty were assigned by CMR II to ING USA Annuity and Life Insurance Company, which assigned the obligations to Lion II Customs Investments, LLC, which then assigned the obligations to Plaintiff. (*Id.* ¶ 14.) Starting on July 1, 2008, Pfau failed to make timely interest payments, thereby constituting a default under the loan. (*Id.* ¶ 15.) On December 16, 2008, Pfau filed for bankruptcy. (Pl. RJN, Exh. A [Chapter 11 Petition].)[2]

On February 18, 2011, Plaintiff initiated this action to recover amounts due under the Guaranty, as a result of Pfau's default. After foreclosing on certain secured property, Plaintiff claims that $10,941,369.47 is still due from Pfau and, thus, Defendants. (Compl. ¶ 19.) Plaintiff personally served Ray Gray on February 22, 2011. (Docket No. 13.) Plaintiff served Linda Gray on April 19, 2011 by sending a copy of the summons and complaint to (1) P.O. Box 538, Fallbrook, CA 92088 by regular mail and (2) 2656 Vista de Palomar, Fallbrook, CA 92028 by registered mail, return receipt requested. (Docket No. 14.) Ray Gray filed a motion to dismiss, which was denied on June 15, 2011. As Linda Gray did not appear or otherwise respond to the complaint, Plaintiff requested an entry of default against Linda Gray on June 24, 2011. (Docket No. 15.) The Clerk entered the requested default three days later. (Docket No. 16.)

Presently before the Court is Linda Gray's Motion to Vacate Entry of Default. Linda Gray argues that the Guaranty provides for service by registered mail, return receipt requested, but the proof

---

[2] Plaintiff requests that the Court take judicial notice of two court documents filed in *Pfau, Pfau & Pfau, LLC v. Rancho Mountain Properties, Inc. (In re Pfau, Pfau & Pfau, LLC)*, Case No. 08-12840-PB11 (Bankr. S.D. Cal.): (1) the Chapter 11 Petition filed by Pfau, Pfau & Pfau, LLC, filed on December 16, 2008 and (2) the Order on Motion to Dissolve filed on December 22, 2010. The Court **GRANTS** this request for judicial notice, but only for purposes of noticing the existence of the action and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

of service indicates that she was served by regular mail.[3] Linda Gray argues that as a result, she did not receive notice of this lawsuit. Plaintiff opposed the Motion. Linda Gray did not file a reply to Plaintiff's opposition. The Court took the Motion under submission without oral argument, pursuant to Local Civil Rule 7.1.d.

## DISCUSSION

A court has the power to set aside entry of default "for good cause." FED. R. CIV. P. 55(c). In determining whether "good cause" exists, courts consider: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment[4] would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The party seeking to set aside an entry of default bears the burden of demonstrating that all three of these factors favor vacating default. *Id.*

The Court will consider whether Linda Gray has a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Id.* at 700. A "mere general denial without facts to support it" is insufficient to show a meritorious defense. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969).

First, Linda Gray argues that "foreclosures undertaken by the plaintiff violate controlling California law and, therefore, no moneys are due under the guaranty sued upon." (Def. Mot. at 6.) Linda Gray, however, does not offer specific facts detailing how the foreclosure was unlawful. In addition, Plaintiff was not required to foreclose on the underlying property before suing under the Guaranty. (Pl. Opp., Exh. A [Guaranty], at 15 ("The Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower.").) The legal status of the foreclosure, therefore, is irrelevant to whether Linda Gray is obligated to pay Pfau's unpaid debts to Plaintiff.

Second, Linda Gray argues that "the broad waivers in the guaranty, apparently including a

---

[3] Although Linda Gray was served by regular mail at P.O. Box 538, Fallbrook, CA 92088, she was served by registered mail at 2656 Vista de Palomar, Fallbrook, CA 92028. (Docket No. 14.)

[4] The standard that governs vacating a default judgment under Rule 60(b) is the same as the standard that governs vacating an entry of default under Rule 55(c). *TCI*, 244 F.3d at 696.

waiver of bankruptcy protection, present a substantial issue as to whether the guaranty is unconscionable or violates California Business and Professions Code section 17200, which prohibits practices that are 'unfair,' 'unlawful' or 'fraudulent.'" (Def. Mot. at 7.) Although Linda Gray does not cite to a specific provision of the Guaranty, it appears that she is referring to Section 5(d), which provides that the Guarantor waives:

> Any defense based on: (1) any legal disability of Borrower, (ii) any release, discharge, modification, impairment or limitation of the liability of Borrower to the Lender from any cause, whether consented to by the Lender or arising by operation of law or from any *bankruptcy* or other voluntary or involuntary proceeding, in or out of court, for the adjustment of debtor-creditor relationships (hereinafter, an "**Insolvency Proceeding**") and (iii) any rejection or disaffirmance of the Loan, or any part of it, or any security held for it, in any such Insolvency Proceeding.

(Pl. Opp., Exh. A [Guaranty], at 14 (emphasis added).)

This provision of the Guaranty provides that if Pfau is discharged in bankruptcy, this will not provide Defendants a defense to payment of the Guaranty. Under California law, a guarantor "promise[s] 'to answer for the debt, default, or miscarriage of another.'" *In re Steve's Furniture Warehouse, Inc.*, 46 B.R. 80, 82 (Bankr. S.D. Cal. 1985) (quoting CAL. CIV. CODE § 2787). To hold that the provision at issue here is unconscionable would be contrary to a guarantor's function to answer for the default of the borrower. Linda Gray does not cite, nor is the Court aware, of any case that holds otherwise.

Accordingly, Linda Gray has not shown that she has a meritorious defense. As this factor is dispositive, the other two factors need not be addressed.

## CONCLUSION

For the reasons set forth above, Defendant Linda Gray's Motion to Vacate Default is **DENIED**.

**IT IS SO ORDERED.**

DATED: September __, 2011

HON. ROGER T. BENITEZ
United States District Court Judge