FILED

FEB 14 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ YNG DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO MOUNTAIN PROPERTIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAY GRAY and LINDA GRAY, <br><br> Defendants. | CASE NO. 11-CV-00358 BEN (BLM) <br><br> ORDER: <br><br> (1) DENYING AS MOOT EX PARTE MOTION FOR CONTINUANCE <br><br> (2) DENYING EX PARTE MOTION FOR RELIEF FROM DEFAULT <br><br> (3) GRANTING EX PARTE MOTION FOR OPPORTUNITY TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT <br><br> [Docket No. 33] |

Presently before the Court is Defendants' Motion for Continuance, for Relief from Default, and for Opportunity for Defendant Ray Gray to File a Response to Plaintiff's Motion for Summary Judgment. (Docket No. 33.)

First, Linda Gray requests that the February 6, 2012 Hearing on the Motion for Default Judgment be continued for 90 days. This Motion for Continuance was filed on February 3, 2012, less than one court day before the hearing was scheduled to take place. The Hearing on the Motion for Default Judgment took place as planned on February 6, 2012. Linda Gray's motion to continue the hearing is **DENIED** as moot.

Second, Linda Gray moves to vacate the Clerk's entry of default. Linda Gray argues that: (1) her failure to answer the complaint was due to excusable neglect because of her pro se status and her husband's health issues; (2) she has a meritorious defense because Plaintiff's foreclosure and trustee's sale on the properties were unlawful; and (3) Plaintiff will not be prejudiced by setting aside the default because doing so would merely give Linda Gray an opportunity to obtain counsel and contest the amount of damages. Linda Gray, however, has previously filed a Motion to Vacate Default Against Linda Gray, which was denied by the Court on September 19, 2011. (Docket No. 21.) As explained in the September 19, 2011 Order, the legal status of the foreclosure is irrelevant to whether Linda Gray is obligated to pay Pfau's unpaid debts to Plaintiff under the General Guaranty and Indemnity Agreement. (Sept. 19, 2011 Order, at 3.) Linda Gray's lack of a meritorious defense is sufficient grounds for denying a motion to vacate default. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Linda Gray's second motion to set aside default is **DENIED**.

Third, Ray Gray requests permission to file a response to Plaintiff's Motion for Summary Judgment, currently pending before this Court, arguing that he was previously prevented from filing a response because of his heart attack. For good cause shown, Ray Gray is **GRANTED** until February 28, 2012 to file an opposition to the Motion for Summary Judgment. Plaintiff is granted until March 6, 2012 to file a reply.

**IT IS SO ORDERED**.

DATED: February 13, 2012

HON. ROGER T. BENITEZ
United States District Court Judge