David R. Griffin (SBN: 76619)
NEXT LAWGROUP
A Professional Corporation
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 222-0888w
Facsimile:  (619) 615-2075

Attorney for Defendants Ray and Linda Gray

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO MOUNTAIN PROPERTIES, INC, a Delaware Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>RAY GRAY, an individual; LINDA GRAY, and individual,<br><br>        Defendants, | Case No.: 3:11-cv-00358-BEN-BLM<br><br>**MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS OFFERED WITH ITS REPLY TO DEFENDANT'S SUMMARY JUDGMENT OPPOSITION**<br><br>Date:<br>Time:<br>Place: Courtroom 3 – 4th Floor<br><br>Compl. Filed: February 18, 2011<br>Trial Date: None set<br><br>Hon. Roger T. Benitez |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS**:

    Herein Defendant RAY GRAY moves this Court to strike Plaintiff's supplemental declarations and filings offered with its Reply to Defendant's summary judgment Opposition.

## **INTRODUCTION**:

    In Defendant's opposition to Plaintiff's motion for summary judgment Defendant argued that Plaintiff failed to prove up its case on summary judgment in satisfaction of the Federal Rules and triable issues of fact exist, precluding summary judgment. Apparently perceiving some merit in Defendant's opposition (despite heated rhetoric to the contrary), Plaintiff attached supplemental declarations and other filings to its reply. Doing so tacitly admits the insufficiency of Plaintiff's original declaration and filings in support of its summary judgment motion.

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 1

Plaintiff's supplemental filings, however, are impermissible backtracking under the Federal Rules of Civil Procedure.

**A. This Court Should Not Consider Plaintiff's Supplemental Declarations and Filings Submitted in its Reply to Defendant's Opposition to Plaintiff's Summary Judgment Motion Because They Are Improper Under the Federal Rules**:

There is uncertainty among federal courts and litigants concerning the propriety of a summary judgment movant's reply affidavits, *see Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004); *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) due to the fact that Federal Rules neither expressly authorizes nor prohibits the submission of reply affidavits in a summary judgment movant's reply. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 604-05 (7th Cir. 2000) ("Rule 56 merely provides for the submission of affidavits in support of or opposition to a motion for summary judgment.") While some federal district courts have attempted to fill this void in the Federal Rules through the enactment of local rules, this Court's local rules do not speak to the propriety of such filings. *See Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539, 1541 (M.D. Fla. 1993), aff'd, 15 F.3d 1097 (11th Cir. 1994) (denying defendant's request for leave to file a reply because "it would be unfair for [d]efendant to get a 'second bite at the apple'"). *Compare Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005) (observing that courts generally disfavor the inclusion of new evidence in reply briefs), *with*, *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456 (E.D. Wis. 1993), aff'd, 41 F.3d 1510 (7th Cir. 1994) ("It seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material.").

A review of the requirements for reply affidavit submission under the Federal Rules reveals that Plaintiff's supplemental declarations and findings are improper here.

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 2

**1. FRCP 6(c)(2) Requires That Supporting Affidavits Be Served "With" a Motion**:

Reading Rule 56 in conjunction with Rule 6(c)(2) bolsters the view that the rules' drafters did not contemplate reply affidavits. *See* Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); *see also Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967) (indicating Rule 6(c)(2)'s predecessor, former Rule 6(d), "should be read in conjunction with Rule 56(c)"). Like Rule 56, Rule 6(c)(2) confirms the moving party's right to submit affidavits in support of a summary judgment motion. *See* Fed. R. Civ. P. 6(c)(2). While Rule 6(c)(2) does not expressly prohibit parties from submitting reply affidavits, *see Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003) (noting absence of a "blanket prohibition" of reply affidavits); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992) (noting the Rules' silence as to the submission of reply affidavits"), Rule 6(c)(2) states that "**any**" affidavits supporting the motion, which presumably includes those that otherwise might be submitted with a reply, are to be served **"with"** the original motion. (Emphasis added.)

This aspect of Rule 6(c)(2) indicates that the drafters "intended to provide the non-movant with a reasonable and meaningful opportunity to respond to the legal theories and facts as asserted by the party moving for summary judgment." *Burns v. Gadsden State Cmty. Coll.*, 908 F.2d 1512, 1517 (11th Cir. 1990). In particular, Rule 6(c)(2) contemplates that the moving party will present both the essence of its legal arguments and any evidence supporting those arguments <u>at the time it makes its motion</u>. This rule assures that the opposing party will have

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 3

sufficient opportunity to respond to the moving party's arguments and evidence before the court rules on the motion.

**2. This Court Should Strike Plaintiff's Supplemental Declarations and Filings Accompanying its Reply to Defendant's Opposition Because They Are Improper**:

Courts should not permit admission of documents that do not strictly comply with procedural rules. 35B C.J.S. *Federal Civil Procedure* § 1214 (2008). It is imperative that a party's declarations in support of a summary judgment motion be sufficient in execution and substance to ensure the integrity of the process and prevent the non-moving party from unfair prejudice.

The District Court in *Tishcon Corp. v. Soundview Communications, Inc*. discussed the impact of Rule 6(c)(2)'s predecessor, former Rule 6(d) with respect to the issue at hand here. *See* 2005 WL 6038743 (N.D. Ga. Feb. 15, 2005). The plaintiff in *Tishcon* moved for partial summary judgment and submitted supporting declarations with its motions. *Id.* at *7-9. The defendants objected to these submissions on the grounds that the declarations contained factual information beyond the declarant's personal knowledge. *Id.* at *3. In response to the defendants' objection the plaintiff submitted additional declarations with its replies in an effort to remedy the alleged deficiencies in its original evidence. *Id.* at *2.

The defendants moved to strike the plaintiff s reply declarations, arguing that they were untimely because any affidavits supporting a summary judgment motion must be served with the motion itself, *id.* at *2, and further contended that because the reply declarations were submitted after they had responded to the plaintiff s motion, they would be unfairly prejudiced by the court's consideration of those declarations. *Id.* at *8; *c.f. Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.,* 380 F. Supp. 2d 1084, 1092 (D. Ariz. 2005) (explaining movants are typically not

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 4

permitted to submit evidence after response is filed because "such a late submission would preclude respondent from addressing [it]").

The court agreed with the *Tishcon* defendants, noting that Rule 6(d) was intended "to insure that the party opposing a motion for summary judgment be given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice." *Tishcon.*, 2005 WL 6038743 at *8; *see also* G*ametech Int'l*, 380 F. Supp. 2d at 1092. If a movant is permitted to proffer new evidence after the respondent has filed its opposition papers, the respondent cannot address the evidence. The court concluded that its acceptance of the plaintiff's supplemental reply declarations would undermine this objective.[1]

Likewise this Court should not consider Plaintiff's supplemental declarations and other filings in order to avoid undue prejudice to the Defendant. Although the Rules permit Plaintiff the last inkwell through its reply to Defendant's summary judgment opposition, the Rules do not permit Plaintiff the right to submit new declarations and filings to supplement or cure the deficiencies in its own motion's original declarations and filings. Therefore this Court should strike all of Plaintiff's supplemental filings and every statement in Plaintiff's reply predicated upon them, pursuant to Rule 56(e) of the Rules of Civil Procedure.

**3. Plaintiff Has No Grounds to Request Leave to Submit Belated Supporting Declarations and Filings**:

In order to obtain leave to submit a belated supporting affidavit under Rule 6(b), the moving party must show "good cause" for failing to submit the affidavit at the time it filed its motion. Fed. R. Civ. P. 6(b)(1). Because in most cases a request for such leave would be made

---

[1] *Tishcon Corp.* 2005 WL 6038743, at *8. The court recognized that it could have minimized the potential prejudice to the defendants by providing them with an opportunity to "reply to plaintiffs reply." Id. at *8-9. However, the court rejected this approach on the grounds that it would significantly expand the time and resources necessary to resolve summary judgment motions.

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 5

only after the time by which supporting affidavits were required to have been submitted under Rule 6(c)(2) (i.e., "with" the motion), the moving party may further be required to show that its failure to submit the affidavit with its motion was the result of excusable neglect. *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1075 (5th Cir. 1980) ("[A]bsent an affirmative showing ... of excusable neglect according to Rule 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits."). Having repeatedly alleged that the litigation surrounding the Pfau loan has cost Plaintiff hundreds of thousands in legal fees surely Plaintiff cannot, claim that it, or its thorough counsel, are guilty of excusable neglect with respect to proving up its case on its own summary judgment motion pursuant to the Federal Rules of Civil Procedure.

## **CONCLUSION**

This motion to strike is warranted because Plaintiff s supplemental reply declarations are untimely because any affidavits supporting a summary judgment motion must be served with the motion itself. Furthermore the reply declarations were submitted after Defendant responded to the plaintiff s motion, and Defendant will be unfairly prejudiced by the Court's consideration of those declarations. As demonstrated herein Plaintiff's supplemental declarations filed with its reply to Defendant's opposition are improper under the Federal rules and should be stricken in their entirety, as should all statements predicated upon them in Plaintiff's reply.

Finally the supplemental declarations of Cheek on which the success of the instant motion depends are fatally flawed with the very same inadequate foundation of personal knowledge. There is absolutely no foundation as to the business practices of CMR, the manner of preparation of the subject documents and repeated reliance on "information and belief" universally rejected as proper bases for foundation. Further, there are discrepancies in the relationships claimed by Cheek to the three ING entities between the first and supplemental declaration which would require discovery which Defendant requests.

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 6

Respectfully submitted this March 9, 2012

X  /s/ David R. Griffin
David R. Griffin (SBN: 76619)
NEXT LAWGROUP
A Professional Corporation
501 W. Broadway, Suite 800
San Diego, CA 92101

MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATION AND FILINGS - 7